Supreme Court, St. Lawrence Special Term, August, 1896. Unreported.

In the matter of the application of George W. Aldous to revoke the liquor tax certificate of Lucy A. Goodwin.

RUSSELL, J. The consent of William H. Allen, who as was claimed occupied exclusively for a dwelling premises within two hundred feet of the hotel for which a tax certificate was asked,

was necessary under the present law to justify the issuing of a liquor tax certificate. From the evidence taken before the referee, grave suspicions arise that Allen, in making his comparatively large additions and alterations, had in contemplation the project of using the building when repaired for a hotel, which would have destroyed its occupation exclusively as a dwelling house. If his rebuilding and declarations of possible intent had been followed by an overt act of use as a hotel, the evidence would have been sufficient to have justified the finding that the alterations were begun for that purpose and that the dwelling house character of the building was destroyed. But that one overt act is lacking, and mere declarations of intent, more or less indefinite, will not suffice to destroy the right of the owner of the certificate, for which she has paid a considerable sum, to claim its validity, especially when Allen himself testifies upon the stand that he did not really intend to use the building as a hotel, but intended to continue its character for the purpose for which it has been always used, which was that of a dwelling house. This testimony of his would have a serious effect upon any application which he might make for a certificate claiming that the building is now a hotel. In view of all the facts and circumstances of this case the application to revoke the license of Mrs. Goodwin must be denied.